## Ex parte RICHARD BRUNER.

No. A—9523.  May 27, 1938.
(79 P. 2d 1029.)

Joe S. Eaton, of Okmulgee, for petitioner.

Jess L. Pullen, Asst. Atty. Gen., for the State.

PER CURIAM.  Petition filed on behalf of said Richard Bruner alleges in substance that he is illegally restrained of his liberty by John Lenox, sheriff of Okmulgee county, that the pretense of said restraint is that your petitioner on the 20th day of May, 1934, on a preliminary examination had before H. D. Reed, justice of the peace in and for the city of Okmulgee, was held to answer on a complaint charging the crime of larceny from the person.  Thereupon, by direction of the county attorney, the sheriff arrested petitioner on another charge, and petitioner demanded that said charge be immediately filed, that he be given an opportunity to furnish bail; that his request was refused; that petitioner on the following day filed an application for writ of habeas corpus in the district court of said county, and in obedience to said writ said court fixed his bond in the sum of $3,000, for his appearance before the district court on the 24th day of May, which bond was immediately given and approved, and he was released.

That on the 23rd day of May, on a charge of attempted robbery, filed before said justice of the peace, said petitioner was committed and has remained in said county jail.  That on the 26th day of May a hearing was had upon said petition for writ of habeas corpus; testimony taken, at the conclusion of said hearing the writ was denied.  That petitioner is now being held, bond fixed at $2,500, on said charges; that he is unable to furnish said bond.

Attached to said petition copies of said complaints filed before said justice, marked Exhibits "A" and "B", also copies of the commitments issued.

No transcript of the testimony taken before the committing magistrate or the district court has been filed with said petition, and no hearing has been had upon the second complaint filed, and the same is now pending and undetermined before said magistrate.

Upon filing of the petition the respondent appeared by counsel and interposed a demurrer to the same. At the conclusion of the argument the cause was submitted.

Upon a consideration of the record presented in support of the application we are of opinion that it is sufficient to sustain the commitments, and that the demurrer to the petition should be sustained.

It is, therefore, considered, adjudged and ordered that the writ be denied.